Syllabus.

# Richmond.

## Jerry Lee v. Commonwealth.

March 19, 1925.

Absent, West, J.

Case submitted for decision before Judge Kelly qualified.

1. ABDUCTION—*Purpose of Concubinage—Code of 1919, Section 4411—Continuance that Accused May Marry the Abducted Woman—Case at Bar.*—Accused, a married man, was indicted for abducting a female under sixteen years of age for the purpose of concubinage. Accused claimed that he thought that his marriage was invalid. Accused went through a form of marriage with the girl in question and on the assumption that it was valid they lived together as husband and wife. Before the trial of accused, his wife obtained an absolute divorce from him, but he could not lawfully remarry for six months thereafter. When the case was called for trial accused moved for a continuance on the ground that he contracted the invalid marriage in good faith, and that he proposed to contract a lawful marriage with the girl as soon as permitted to do so, relying upon section 4413 of the Code of 1919, which provides that a subsequent marriage of the parties may be pleaded in bar of a conviction.

   *Held:* That the court erred in refusing accused a continuance.

2. CONTINUANCES—*Discretion of Court—Reversal on Appeal—Case at Bar.*—Motions for continuance are addressed to the sound judicial discretion of the trial judge, and while the Supreme Court of Appeals may review such action, it will rarely reverse. The present case, a prosecution for abduction of a girl under sixteen years of age, presented, however, one of those rare instances in which a due regard for the sound public policy expressed in section 4413 of the Code of 1919 required a reversal, where the trial court refused accused a continuance until he could lawfully marry the girl, his wife having obtained an absolute divorce from him.

Error to a judgment of the Circuit Court of Orange county.

*Reversed.*

The opinion states the case.

*Gordon & Gordon* and *E. H. DeJarnette*, for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile, Assistant Attorney-General,* and *Lewis H. Machen, Assistant Attorney-General,* for the Commonwealth.

PRENTIS, P., delivered the opinion of the court.

[1, 2] The accused was indicted under Code section 4411, for feloniously abducting Nannie Sacra from her father for the purpose of concubinage, it being charged that she was then under sixteen years of age.

At the first trial the jury failed to agree upon a verdict and were discharged. On his second trial he was found guilty and sentenced to four and a half years confinement in the penitentiary.

The exceptions raise many issues of law and fact, but in our view of the case one of these is decisive so that it is unnecessary to consider the others. In order to apprehend that question a recital of the outstanding facts is necessary.

The accused was a married man, but was not on good terms with his wife and a divorce had been contemplated. Upon inquiry at the clerk's office it was discovered that the celebrant of that marriage had failed to sign and return the license, so that there was no record evidence of the marriage. The accused claims that he thought this invalidated the marriage. With the consent of Nannie Sacra, who claimed to be over sixteen years of age, they together went to Henderson, N. C., and were married in accordance with the laws of that

State.   This marriage was clearly invalid and bigamous but they acted on the assumption that it was valid and lived together as husband and wife, claiming good faith and honesty of purpose.   He was arrested soon thereafter in West Virginia and brought back to Virginia for trial under this indictment.

Before his trial, which was on August 29 and 30, 1924, his wife, Blanche Lee, had, on May 26, 1924, obtained an absolute divorce from him, but he could not lawfully remarry for six months thereafter—that is, until November 26, 1924.

When the case was called for trial the accused moved for a continuance, avowing that he had contracted his invalid marriage in North Carolina in good faith, that he and Nannie Sacra are deeply attached to each other and purposed to contract a lawful marriage as soon as permitted to do so—that is, on or as soon after November 26, 1924, as possible.

This motion being overruled, his trial and conviction followed immediately.   The overruling of this motion is assigned as error, and presents the only question which we deem it necessary to consider.

The accused relies upon Code section 4413, which, referring specifically to the crime of seduction and to abduction under section 4411, provides "that the subsequent marriage of the parties may be pleaded in bar of a conviction."

He desired then a definite and short postponement of his trial so that he might legally marry the wronged woman, and then to plead this marriage in bar of this prosecution.

Of course it is agreed that motions for continuance are addressed to the sound judicial discretion of the trial judge, and while this court may review such action it will rarely reverse upon such an assignment.

This case presents one of those rare instances in

which a due regard for the sound public policy expressed in the statute requires a reversal.

The State encourages matrimony. In those cases even where decent public sentiment has been outraged and the denounced crimes of seduction and abduction have been committed, the statute provides that the subsequent marriage of the culprits shall bar further prosecution of the criminal. However reprehensible the conduct of this defendant, and however just the public condemnation of his conduct, the Commonwealth by statute opens a door and offers him a place for penitence. He had not yet sinned away his days of grace, or his legal opportunity to repair the immediate wrong done to womanhood and the potential wrong to childhood. This is not to say that a man already married has an absolute right to a continuance upon expressing his wish to marry the other woman. The prompt enforcement of the criminal law cannot be thus defeated. The circumstances of each case must control. Here the divorce had already been granted, and the motion was not for an indefinite postponement awaiting a change of the matrimonial status, but merely for a short and definite period.

We think, under the facts of this case, that the court erred in overruling the motion for a continuance. The criminal law would have been fully vindicated and the expressed policy of the State accomplished if the continuance had been granted.

It was suggested at the bar of this court that the parties have been legally married since the conviction. If this be true the accused should be allowed to plead and prove it in bar of this prosecution.

The judgment will therefore be reversed and the case remanded to be disposed of according to law.

*Reversed.*